# IN THE COURT OF APPEALS OF IOWA

No. 19-0720
Filed August 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JERELL RUSSELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.


        Defendant appeals his convictions of first-degree theft, unauthorized use of a credit card, and possession of marijuana with intent to deliver.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., Greer, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Jerell Russell appeals his convictions of first-degree theft, unauthorized use of a credit card, and possession of marijuana with intent to deliver. There is substantial evidence in the record to support Russell's convictions. We affirm his convictions.

## I. Background Facts & Proceedings

Two criminal cases involving Russell were combined on appeal. We will discuss the facts and procedural background of each case separately.

### A. *Credit Card Charges*

On November 8, 2018, Hartzell Hillyard and his wife, Dorothy, went to Wendy's Restaurant in Burlington, Iowa. Hillyard testified that as they were leaving, a man held the door open for them. About thirty minutes later, Hillyard noticed his wallet, which contained two credit cards,[1] was missing from his back pocket. The Hillyards discovered multiple charges were made on the credit cards before they were able to close the accounts. The Hillyards reported the matter to the Burlington police.

Hillyard's farm credit card was used at Wal-Mart, Target, Hibbett Sports, Marshall's, Target again, and Westland Fast Break. There was an attempt to use both of Hillyard's credit cards at ALDI's, but the cards were declined. Police officers obtained video from surveillance cameras at some of these locations. Officers observed the clothing worn by the suspect and his vehicle, a maroon

---

[1] Hillyard had a credit card for a farm account that was in his name. He also carried a personal credit card that was in Dorothy's name.

sedan. The two clerks at Hibbett Sports who served the suspect picked a photograph of David Tensley out of a photo array.

On November 19, Virginia Hewett went to Wendy's in Burlington. While she was getting a drink, a man stood close to her and said he was fixing the ice dispenser. She soon noticed her wallet was missing from her purse. A man stated he found her wallet and returned it to her. Hewett's credit card was missing from her wallet. Before she could cancel her credit cards, $319 was charged on her account at Wal-Mart. Again, video from surveillance cameras was obtained by officers.

In a later investigation of the use of a stolen credit card by a woman at Kohl's on October 26, officers observed that the woman was with a man and another woman inside the store. The same three people were observed in video from surveillance cameras in Wal-Mart on that date. Jason Siegworth, the asset protection manager at Wal-Mart, recognized the man in the video from October 26 as the same person observed using a stolen credit card on November 8. The video from October 26 showed the license plate on the person's vehicle. Officers discovered the license plate was registered to Russell.

Officer Clayton Beckman was off duty on November 28 and took his vehicle to Jim's Body Shop. He saw Russell and a 2006 maroon Pontiac Grand Prix with a license plate matching that of the vehicle seen on the October 26 video. Detective Chris Chiprez came to the scene and arrested Russell. Russell was wearing clothing that was similar to the person observed in the videos using a stolen credit card. Russell was wearing a stocking cap in the same "hourglass" shape as the person seen in the videos using the credit cards.

Officers found a key to a room at the Lincolnville Motel in Russell's coat pocket. After obtaining a search warrant, officers went to the hotel room. They found a receipt in Russell's name for tires for a 2006 Pontiac Grand Prix. They also found a coat and shoes matching that seen in the videos. Officers discovered shopping bags from Marshall's and Hibbett Sports. Additionally, officers obtained a search warrant for Russell's car. They found black-framed glasses, similar to those worn by the person in some of the videos. Furthermore, there were Newport cigarettes in the vehicle and the person using Hillyard's credit card purchased Newport cigarettes at Westland Fast Break.

Russell was charged with theft in the first degree, in violation of Iowa Code section 714.1(2) (2018), a class "C" felony; and unauthorized use of a credit card, in violation of sections 715A.6(1)(a)(1) and 715A.6(2)(b), a class "D" felony. Russell admitted he was in Kohl's on October 26 and the Grand Prix was his vehicle. He denied being the person who stole the credit cards or used them. He also denied owning any of the items found in the room at the Lincolnville Motel, except for $2000 in cash.

Russell was tried by a jury on these charges and found guilty. He was sentenced to ten years and five years in prison, to be served consecutively. Russell appealed his convictions.

**B.** *Drug Charge*

While officers were searching the room at the Lincolnville Motel, as discussed above, in a heat duct they found a Wal-Mart bag containing a pickle jar, and inside the jar was a baggie containing 26.33 grams of marijuana and a baggie containing many small baggies. They also found a small bag containing 3.54

grams of marijuana under a desk. Officers found $2000 in cash that had been hidden under a nightstand. There was a receipt in the room in Russell's name for tires for the Pontiac Grand Prix. In addition, there was clothing in the room that Russell was seen to be wearing in videos relating to the other case. In Russell's vehicle, officers found a baggie containing five smaller baggies of marijuana, each around 3.5 grams.

Russell was charged with possession of marijuana with intent to deliver, in violation of section 124.401(1)(d), a class "D" felony. Russell waived his right to a jury trial and was tried in a bench trial. Officer Robert Rohrer testified the quantity and packaging of the marijuana showed Russell was a dealer, not just a user of the drug. Russell denied owning anything in the motel room except for the $2000 cash and a pair of sandals.

The district court found Russell was living at the Lincolnville Motel on November 28 and "had possession of the contents of that room." The court noted Russell admitted to ownership of the cash and sandals, and he had a key to the room. Moreover, a receipt in his name for tires for his vehicle was in the room. The court concluded Russell had possession of the marijuana found in the room. Furthermore, Russell was the owner of the Pontiac Grand Prix and there was no evidence anyone else had access to the vehicle. The court concluded Russell also had possession of the marijuana found in the car. The court determined the quantity of marijuana and the packaging of it were indicative of an intent to sell. The court found Russell guilty of possession of marijuana with intent to deliver.

Russell was sentenced to a term of imprisonment not to exceed five years, to be served consecutively to his sentences relative to the stolen credit cards. He appeals.

## II.    Sufficiency of the Evidence

Russell contends there is insufficient evidence in the record to support his convictions. On sufficiency-of-the-evidence claims, our review is for the correction of errors of law. *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020). "The district court's findings of guilt are binding on appeal if supported by substantial evidence. Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citations omitted).

"[T]he credibility of witnesses is for the factfinder to decide except those rare circumstances where the testimony is absurd, impossible, or self-contradictory." *State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011). In considering whether there is substantial evidence to support a verdict, "we consider 'all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020) (citation omitted).

### A.    *First-Degree Theft*

Russell claims the State did not present sufficient evidence to show he was the person who committed first-degree theft by taking Hillyard's credit cards. He points out that officers initially believed the perpetrator was Tensley, as both of the clerks at Hibbett Sports who observed the person with the stolen credit card picked a photograph of Tensley out of a photo lineup.

Video evidence shows Russell was at Wendy's on November 8, 2018, when Hillyard's credit cards were stolen and on November 18, when Hewitt's card was taken. Cheryl Hopkins was working at Wendy's on both occasions and testified the same man was present on the two dates. She stated she remembered him because of his Ray-Ban eyeglasses. A pair of Ray-Ban eyeglasses was found in Russell's vehicle. Video from Wendy's shows a man wearing a black stocking cap in an "hourglass" shape, and when Russell was arrested he was wearing a black stocking cap in this same shape. A picture shows the man with the "hourglass" stocking cap putting Hewitt's wallet beside the cash register.

The man in the Wendy's video was wearing a black puffy coat with a silver triangle logo on the front and a similar coat was found at the Lincolnville Motel. In addition, the man was wearing black and white sneakers with a red heel and similar shoes were found in the motel room. Plastic bags from Marshall's and Hibbett Sports were in the room, which were two of the stores where the stolen credit cards were used. The motel room is linked to Russell because a key to the room was found in his pocket and a receipt with his name was in the room. Furthermore, Russell testified that he owned $2000 cash found in the room.

Additionally, video evidence shows Russell was the person who used Hillyard's credit cards on November 8. Also, one of the purchases made with one of Hillyard's credit cards was Newport cigarettes and the same brand was discovered in Russell's car.

We determine there is substantial evidence in the record to show Russell committed first-degree theft by taking the credit cards of Hillyard. The jury was free to credit the evidence that the perpetrator of the offense was Russell and reject

evidence that it might have been Tensley. *See State v. Benson*, 919 N.W.2d 237, 243 (Iowa 2018).

**B.** *Unauthorized Use of a Credit Card*

Russell also claims the State did not adequately prove he engaged in unauthorized use of Hillyard's credit cards. He again points out that officers initially thought the person who used the stolen credit cards was Tensley.

The jury was able to observe the video evidence and determine if the person in the videos who used Hillyard's credit cards was Russell. Additionally, the videos showed the person who used the credit cards drove a maroon sedan and Russell drove a maroon Pontiac Grand Prix. One of the stolen credit cards was used to buy Newport cigarettes and this brand of cigarettes was found in Russell's car. The person in the videos wore a black stocking cap in an "hourglass" shape and when Russell was arrested he had on a black stocking cap in this shape.

As noted above, Russell is linked to a room at the Lincolnville Motel through his possession of a room key, a receipt in his name in the room, and his statement he owned $2000 cash found in the room. The person in the videos wore a black puffy coat with a silver triangle logo and a similar coat was found in the room. Also, the person wore black and white sneakers with red heels and similar shoes were found in the room. The stolen credit cards were used at Marshall's and Hibbett Sports and plastic bags from these stores were in the room.

We conclude there is substantial evidence to support the jury's verdict finding Russell guilty of unauthorized use of a credit card.

**C.**    *Possession of Marijuana with Intent to Deliver*

Russell contends there is insufficient evidence in the record to show he was guilty of possession of marijuana with intent to deliver. He asserts the State failed to show he had knowledge of the marijuana found in the hotel room or in the trunk of his car. Russell was separately tried on the charge of possession of marijuana with intent to deliver. For this offense we look only at the evidence presented during the bench trial.

When Russell was arrested on other charges, officers found a key to a room at the Lincolnville Motel in his pocket. Russell denied renting the room or owning anything else in it. However, clothes and shoes found in the room matched items worn by Russell in videos. Russell stated he owned the 2006 maroon Pontiac Grand Prix and officers found a receipt in Russell's name for tires for the car in the motel room. Russell testified that he owned $2000 cash found in the room and a pair of Nike sandals. We conclude there is substantial evidence in the record to support the district court's finding that Russell was living in the Lincolnville Motel and he had possession of the items in the room, including the baggies of marijuana.

Russell testified he owned the Pontiac Grand Prix. A receipt with Russell's name showed he purchased tires for the vehicle and he was getting the car fixed when he was arrested. The evidence supports the district court's finding that the items in the vehicle, including the marijuana belonged to Russell. There is substantial evidence to show Russell had possession of the marijuana found in the car.

The amount of the marijuana found hidden in the heat duct, plus the small baggies with it, shows there was an intent to break the marijuana in the larger bag into smaller amounts for sale. In addition, the five small baggies found in the car were already packaged ready for sale. We conclude there is substantial evidence in the record to support Russell's conviction for possession of marijuana with intent to deliver.

**AFFIRMED.**